UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 05-20645-CIV-COOKE/BROWN

FORTIS BENEFITS INSURANCE CO.,

    Plaintiff,

v.

THE ESTATE OF WAYNE THOMAS and
ROSE INGRAM,

    Defendants.
_____/

## PRELIMINARY FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Final Judgment (DE 45) and Motion for Disbursement of Funds (DE 47) , filed January 18, 2007 and May 16, 2007 respectively. Wayne Thomas passed away on April 23, 2004. Prior to his death, Mr. Thomas participated in a group accidental death benefit plan (the "Plan") through Power 1 Credit Union of Pembroke Pines, Florida. Plaintiff Fortis Benefits Insurance Company served as the underwriter for the Plan. Mr. Thomas named Rose M. Ingram as the beneficiary of his accidental death insurance policy. However, after Mr. Thomas' death, Plaintiff was unable to locate Ms. Ingram. Therefore, Plaintiff was unable to pay the proceeds purportedly due to Ms. Ingram under Mr. Thomas' Policy. Further, on July 1, 2004, the Estate of Wayne Thomas through Heron Thomas, filed a claim for proceeds of Mr. Thomas' accidental death benefits. Consequently, on March 7, 2005, Plaintiff filed this interpleader action to determine the rightful beneficiary of the proceeds due under Mr. Thomas' Policy.

After filing this action, Plaintiff attempted to serve the interpleader Complaint upon Rose

M. Ingram on several occasions.  See DE 16.  However, those attempts were unsuccessful.  See id.  Consequently, on August 16, 2005, this Court granted Plaintiff's Motion for Order of Publication of Process.  Pursuant to that Order, Plaintiff was allowed to serve Ms. Ingram via publication.  Thus, a Notice of Action was published in the *Daily Business Review* for four consecutive weeks.  See DEs 20 and 21.  Nevertheless, Rose M. Ingram failed to make an appearance in this action, therefore, on July 20, 2006, the Clerk entered a default against Rose M. Ingram for her failure to appear or otherwise respond to the Complaint.  Meanwhile, the Estate of Wayne Thomas filed an Answer to the interpleader Complaint on June 23, 2006.  In its Answer, the Estate sought to claim the benefits of Mr. Thomas' Policy.  On September 29, 2006, this Court issued an Order directing The Estate of Wayne Thomas to file a motion for disbursement of funds on or before October 19, 2006.  See DE 40.  However, as of December 7, 2006, The Estate of Wayne Thomas had yet to file a motion for disbursement of funds.  As a result, this Court issued an Order to Show Cause directing the Estate of Wayne Thomas to show cause by December 20, 2006 why this Court should not impose sanctions for its failure to comply with the September 29, 2006 Order.  See id.  Further, the Order to Show Cause forewarned the Estate of Wayne Thomas that failure to comply would result in the immediate imposition of sanctions including an entry of default against the Estate.[1]  Nevertheless, as of the date of this Order the Estate of Wayne Thomas has yet to file a response to the December 7, 2006 Order to Show Cause nor has the Estate of Wayne Thomas filed a motion for disbursement of funds in

---

[1]The Court notes that Counsel for the Estate of Wayne Thomas, Lonnie Brian Richardson, has failed to comply with several Court Orders and has put forth a mediocre performance throughout the pendency of this case.  As a result, the Court is presently considering the filing of a formal grievance with the Florida Bar as well as issuing contempt sanctions against Mr. Rchardson.  Thus, it would behoove Mr. Richardson to provide this Court with good cause for his failings in this matter.

compliance with the September 29, 2006 Order. Thus, it appears that the Estate has chosen to forego its claim to the Policy benefits.[2]

Nevertheless, the Court shall hold this Order in abeyance for a period of thirty days. The Court deems this time period appropriate to provide the Estate of Wayne Thomas with a **final** opportunity to pursue its claim to the Policy benefits. Therefore, the Estate of Wayne Thomas is directed to file its claim of entitlement on or before **August 31, 2007**. Failure to file a claim in compliance with this Order shall result in this Court directing the Clerk to disburse the funds held under the subject insurance contracts on September 5, 2007. Moreover, failure to file a claim in compliance with this Order shall result in this Preliminary Final Judgment becoming binding and effective on September 5, 2007 and the Estate of Wayne Thomas shall be permanently enjoined from prosecuting or instituting any legal action regarding the proceeds of the subject insurance contracts.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Final Judgment and Motion for Disbursement of Funds are **PRELIMINARILY GRANTED**. The Clerk is directed to administratively **CLOSE** this case for statistical purposes only.

2. The Estate of Wayne Thomas is permanently enjoined from prosecuting or instituting any legal action in any state or federal court for the proceeds of

---

[2]In an attempt to ensure fairness and due process, the Court mailed individual copies of its April 3, 2007 Order to Show Cause to Mr. Heron Thomas (the purported executor of the Estate of Wayne Thomas) to several addresses listed for Heron Thomas. The Court located these addresses by conducting court record searches as well as exhaustive internet searches for Heron G. Thomas.

    the subject insurance contracts issued by Plaintiff to Wayne Thomas.

3. Similarly, Rose M. Ingram is permanently enjoined from either prosecuting or instituting any legal action in any state or federal court for the proceeds of the subject insurance contracts issued by Plaintiff to Wayne Thomas.

4. Plaintiff is discharged from any liability to the Estate of Wayne Thomas for the proceeds of the subject insurance contracts issued to Wayne Thomas.

5. Plaintiff is discharged from any liability to Rose M. Ingram for the proceeds of the subject insurance contracts issued to Wayne Thomas.

6. Pursuant to 28 U.S.C. § 1335, Plaintiff is awarded attorney fees and costs in the amount of $9,804.08.

7. The Clerk shall disburse $9,804.08 from those held in the Court Registry to Plaintiff in payment of the award of fees and costs set forth above.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of August, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

All Counsel of Record

Lonnie Brian Richardson, Esq.
501 NE 1st Ave Ste 200
Miami, Florida 331321

Heron Thomas
2612 Atlantic Avenue,
Brooklyn, New York 11207

Heron Thomas
635 Miller Avenue
Brooklyn, New York 11207

Heron Thomas
651 Saratoga Avenue
Brooklyn, New York 11212

Heron Thomas
1765 Hamlet Street
San Mateo, California 94403

Heron Thomas
650 Franklin Avenue
Brooklyn, New York 11238